UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| | | |
|---|---|---|
| Paul Leslie Cox, # 75206, | ) | C/A No. 8:13-2254-TMC-JDA |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | **of the** |
| The State of South Carolina; | ) | **Magistrate Judge** |
| Attorney General Allen Wilson, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |

**BACKGROUND OF THE CASE**

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections.  In the above-captioned case, Plaintiff has brought suit against the State of South Carolina and the current Attorney General of South Carolina.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's conviction and sentence for kidnapping. Specifically, Plaintiff alleges: (1) Plaintiff is seeking redress from slavery and involuntary servitude, which are prohibited by the Thirteenth Amendment; (2) Plaintiff was illegally convicted and placed in slavery in the South Carolina penal system; (3) Plaintiff did not commit the crime of kidnapping; (4) Plaintiff is entitled to relief under the federal Anti-Peonage Act, 42 U.S.C. § 1994; and (5) the "three strikes" law cannot be applied to Plaintiff because it was not in effect in 1987. [Doc. 1 at 3–7].  In his prayer for relief,

Plaintiff seeks release from prison and damages for the time he has spent in prison. [*Id.* at 8].

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

680–84 (2009).  Even when considered under this less stringent standard, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).   Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and

3

laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Plaintiff Failed to State a Claim under § 1983**

### *Thirteenth Amendment not applicable*

Throughout the Complaint, Plaintiff asserts that his prison sentence constitutes involuntary servitude under the Thirteenth Amendment to the United States Constitution. The Thirteenth Amendment to the United States Constitution states:

> "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the Unites States or any place subject to their jurisdiction."

U.S. Const. amend. XIII. Thus, by its own language, the Thirteenth Amendment does not apply to a prisoner serving a sentence for a criminal conviction. Hence, Plaintiff's claim of involuntary servitude is subject to summary dismissal as frivolous. *See Newell v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977) ("The District Court did not address the claim under the Thirteenth Amendment, perhaps because it was so obviously without merit."); and *Cox v. Ozmint*, Civil Action No. 3:12-225-TMC-JRM, 2012 WL 1415181, at *2 (D.S.C. Mar. 19, 2012) (rejecting Thirteenth Amendment claim in prior case filed by Plaintiff), *adopted by* 2012 WL 1415149 (D.S.C. Apr. 24, 2012). Because Plaintiff does not allege a violation of a constitutional right, his §1983 claim fails.

4

**Plaintiff's complaint barred by Heck v. Humphrey**

Plaintiff's complaint is directed to matters pertaining to his conviction and sentence for kidnapping. However, until the Plaintiff's conviction is set aside, any non-habeas civil action based on the conviction and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The United States Supreme Court's ruling in Heck, which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, 2007 WL 1031695 (4th Cir. March 30, 2007) (claims brought pursuant to § 1983 challenging underlying criminal conviction are barred by *Heck*). Plaintiff has neither alleged nor demonstrated that his underlying conviction or sentence has been invalidated; thus, this action is barred by *Heck*. *See, Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

**Eleventh Amendment Immunity**

The Eleventh Amendment prevents a federal court from entertaining a suit brought by a citizen against his own state, *Hans v. Louisiana*, 134 U.S. 1 (1890), or against an instrumentality of the state considered an "arm of the State[.]" *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 430 (1997). Similarly, to the extent that the State Attorney General is being sued in his official capacity as an agent of South Carolina, this action cannot be brought in this federal court because of the Eleventh Amendment. *See Morstad v. Dept. of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir.1998) ("absent a waiver, the Eleventh

5

Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability"). Furthermore, the doctrine of respondeat superior (or supervisory liability) generally is inapplicable to § 1983 suits. *See, Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro Area Transit Authority*, 690 F.2d 1133, 1142-43 (4th Cir.1982). Accordingly, Plaintiff's complaint is barred by the Eleventh Amendment.

**Plaintiff is "struck out."**

Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A federal court may take judicial notice of its own records. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). It can be judicially noticed that Plaintiff has filed three prior cases in this Court, which have been dismissed with prejudice, as frivolous, and deemed "strikes" under § 1915(g). *See Cox v. U.S. Att'y Gen., et al.*, Civil Action No. 3:12-591-TMC, 2012 WL 1570093 (D.S.C. May 3, 2012); *Cox v. S.C. Dep't of Corr. Dir. Jon E. Ozmint, et al.*, Civil Action No. 3:12-225-TMC, 2012 WL 1415149 (D.S.C. Apr. 24, 2012); and *Cox v. United States*, Civil Action No. 3:12-50-TMC, 2012 WL

6

1158861 (D.S.C. Apr. 9, 2012).  In light of these "strikes" imposed in 2012, Plaintiff cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule.  See 28 U.S.C. § 1915(g); and *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

The Complaint in the above-captioned case does not fit within the exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury.  Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee.  Effective May 1, 2013, the Judicial Conference of the United States raised the filing fee for a civil case.  The filing fee (set by the Congress and the Judicial Conference of the United States) for a non-habeas civil action is now four hundred dollars ($400).  As a result, Plaintiff must pay the full filing fee of four hundred dollars ($400).

Moreover, the Court of Appeals has held that the "three strikes" provision of the Prison Litigation Reform Act is applicable with respect to "strikes" entered after its enactment on April 26, 1996.  *See Altizer v. Deeds*, 191 F.3d 540, 545–47 (4th Cir. 1999).  As a result, Plaintiff does not state a valid claim under the *Ex Post Facto* Clause.  *See Cox v. United States*, Civil Action No. 3:12-52-TMC-JRM, 2012 WL 1570081, at *2 (D.S.C. Mar. 28, 2012) ("In this case, Plaintiff provides no facts to demonstrate that the three strikes rule was retroactively applied to any of his civil actions filed in federal court prior to the law's enactment. In addition, the enactment of the three strikes rule in no way increases Plaintiff's punishment for his current conviction.  As such, Plaintiff's *ex post facto* argument is without merit and this case is subject to summary dismissal."), *adopted by* 2012 WL 1570075 (D.S.C. May 3, 2012), which was a prior case filed by Plaintiff.

**RECOMMENDATION**

It is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] be DENIED.  It is further recommended that Plaintiff be given twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation to pay the filing fee of four hundred dollars ($400) and that the Office of the Clerk of Court withhold entry of judgment until such time for payment expires.  If Plaintiff fails to pay the filing fee within the specified time period, it is further recommended that the Complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk of Court enter the required final judgment at the close of the twenty-one-day period permitted for payment of the filing fee.

**Plaintiff's attention is directed to the Notice on the next page**.


s/ Jacquelyn D. Austin
United States Magistrate Judge

August 30, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).