IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Paul Leslie Cox, #75206, | ) | |
| | ) | C.A. No. 8:13-2254-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The State of South Carolina; | ) | |
| Attorney General Allen Wilson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a Motion for Leave to Proceed *in forma pauperi*s under 28 U.S.C. § 1915. (ECF No. 2).  Pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.   On August 30, 2013, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that the Plaintiff's Motion to Proceed *in forma pauperis* be denied and that Plaintiff's Complaint be dismissed without prejudice if he fails to timely pay the full filing fee because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act.   (ECF No. 9).   The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Report without a recitation.

The magistrate judge makes only a recommendation to this court.   The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Plaintiff was advised of his right to file objections to the Report (ECF No. 9 at 9).

However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 9) and incorporates it herein. It is therefore **ORDERED** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **DENIED** and that the Plaintiff shall have twenty-one (21) days from the date of this order to pay the $400.00 filing fee. It is further **ORDERED** that, in the event the Plaintiff fails to timely pay the filing fee, the Complaint shall be **DISMISSED** without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g), and the Clerk enter final judgment.

   **IT IS SO ORDERED.**

        s/Timothy M. Cain
        United States District Judge

Anderson, South Carolina
September 26, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.